MARY EDLICH, Respondent, *v.* AUGUSTA GMINDER, Appellant.

*A deed duly executed and recorded, presumed to be accepted by a grantee ignorant of its existence.*

A deed which has been acknowledged by the grantors and duly recorded, and has consequently passed beyond their control, will be presumed to have been accepted by the grantee, although the latter did not know of the execution of the deed until one of the grantors informed her of that fact after it had been recorded.

APPEAL by the defendant, Augusta Gminder, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of June, 1901, upon the decision of the court, rendered after a trial at the Kings County Special Term, adjudging a certain deed to have been forged, and directing the same to be canceled of record.

*August P. Wagener*, for the appellant.

*James A. Sheehan*, for the respondent.

WOODWARD, J.:

On June 11, 1892, George F. Gminder and his wife, Augusta Gminder, the defendant in this action, made and executed a deed of certain premises to Mary Edlich. This deed was recorded on June 21, 1892, in the register's office of Kings county without the knowl-

edge of the grantee, but subsequently the defendant called upon the plaintiff and told her that the premises were in her name, and in this situation the matter stood until November 11, 1897, when a deed purporting to have been made and executed by the plaintiff, conveying the said premises to the defendant, was entered of record in the register's office of Kings county. This action was brought to have the said last-mentioned deed declared " a forgery and wholly void ; that the same be delivered up to plaintiff for cancellation, and the same be canceled of record," etc. The defendant put in a general denial, and upon the trial undertook to establish that the conveyance was not made to the plaintiff in the first instance, but to another party of the same name, and that no delivery of the deed had ever been made to and accepted by the plaintiff. The learned court at Special Term found the facts in favor of the plaintiff, and a judgment was entered in harmony with the facts and the conclusions of law reached by the court. From the judgment entered appeal comes to this court.

The decision of the learned court that the plaintiff was " at all the times mentioned in the complaint the owner in fee of all the premises described in the complaint, and is still the owner in fee of said premises, and entitled to the possession of the same," is abundantly supported by the evidence. The evidence of the defendant that there was another Mary Edlich, who was the grantee intended, is so utterly devoid of probability, and is so inconsistent with all of the known facts in the case now before us that it could not be sustained except upon evidence which was beyond the reach of suspicion.

But the appellant urges that even if the plaintiff was the grantee intended in the original deed of June 11, 1892, there was no delivery and acceptance of the same, and it did not, therefore, operate to give the plaintiff title to the premises. It will be conceded that the acceptance of a deed by the grantee thereof is as necessary to a change of title as its delivery (*Koehler* v. *Hughes*, 148 N. Y. 507), but the rule is well established in this State that " 'if the delivery to the third person be absolute, the grantor not reserving any future control over the deed, the estate passes ; the assent of the grantee to accept the conveyance being presumed from the fact that

the conveyance is beneficial to him.'" (*National Bank* v. *Bonnell,* 46 App. Div. 302, 305, and authorities there cited; *Rosseau* v. *Bleau,* 131 N. Y. 177, 183, and authorities there cited.)   That the deed in the present controversy was dated June 11, 1892, acknowledged on the same day, and duly recorded in the office of the register of Kings county on July 21, 1892, there can be no question, nor can there be any doubt that the deed, having been recorded, had passed beyond the control or dominion of the grantors.   While there is, perhaps, a conflict of evidence as to the view in which the plaintiff regarded the transaction, there is no such preponderance of evidence as would justify this court in interposing.   In fact the evidence is of such an improbable character in some instances that it is entitled to no weight, and we cannot understand how the court at Special Term could have reached a different conclusion.

The judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment affirmed, with costs.