MICHAEL McCLOAT, Respondent, v. FLORAL PARK VILLA
COMPANY, Appellant.

First Department, May 4, 1917.

Real property — contract for sale of lands to be paid for in installments
— failure of contract to state time or place of delivery of deed — when
recording of deed by vendor equivalent to delivery to vendee — proof
not justifying action for rescission of contract — failure to object to
form of title insurance policy tendered by vendor.

Where a contract for the purchase of lands to be paid for in installments,
and which entitled the vendee to a deed and a policy of title insurance
when the full consideration should be paid, did not in terms fix any
time or place for the delivery of the deed, and where the vendee on com-
pleting payments due included a sum as a "recording fee," the vendor
fulfilled its agreement by recording the deed with the county clerk with-
out restriction, and by notifying vendee of such act, and by delivering
to his attorney a policy of title insurance. Hence the failure of the ven-
dor to deliver the deed to the vendee personally, or to his attorney, as
demanded, did not amount to a breach of contract of sale so as to entitle
the vendee to rescind the same and recover the consideration paid.

The vendee cannot base his action for rescission upon supposed defects in
the form of the title insurance policy delivered by the vendor when he
accepted the same without any specific objection to the form, for had he
pointed out defects, they might have been cured.

APPEAL by the defendant, Floral Park Villa Company, from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on
the 14th day of December, 1916, upon the verdict of a jury
rendered by direction of the court, and also from so much of an
order entered in said clerk's office on the 11th day of December,
1916, as directed a verdict in plaintiff's favor and denied
defendant's motion for a new trial made upon the minutes.

*Benjamin Reass*, for the appellant.

*John Nicolson*, for the respondent.

SCOTT, J.:

On November 8, 1911, plaintiff agreed to buy and defendant
agreed to sell two certain lots of land at Floral Park in Nassau

First Department, May, 1917.    [Vol. 177.

county.   By the contract, only portions of which are printed in the appeal book, the price was fixed at one thousand one hundred dollars, of which twenty dollars was payable on signing the contract, and the balance was to be paid in monthly installments of twenty dollars each, plaintiff paying interest meanwhile on the unpaid balances.   Under the terms of the contract plaintiff had until May, 1916, to pay the full purchase price.   He anticipated some of his payments, however, and paid the last installment of the purchase price on April 9, 1915. Thereupon defendant prepared and presented to plaintiff what is termed a closing statement by which it appeared that plaintiff owed eleven dollars and forty-four cents, which amount he paid on April 12, 1915.   This sum included two dollars and fifty cents for a recording fee, and one dollar and fifty cents for the war tax, so called, which it was necessary should be paid before the deed could be recorded.   There was some delay in the delivery of the deed owing, as is suggested although not proven, to a delay in freeing the lots from a blanket mortgage. Plaintiff finally consulted a lawyer who wrote a series of letters, dated respectively August twelfth, seventeenth and nineteenth, in each of which he demanded immediate delivery of the deed.   As matter of fact the deed to plaintiff duly executed by defendant was recorded in the county clerk's office of Nassau county on the morning of August 12, 1915, and notice of this fact was communicated to plaintiff's attorney, who notwithstanding continued to demand that the deed be delivered to him.

The contract of sale provided that a policy of title insurance should accompany the deed, and on August twenty-fourth defendant wrote to plaintiff's attorney enclosing the title policy, and informing him that the deed had been recorded, and when returned from the clerk's office would be forwarded to him.   This policy the attorney returned without any specification of objection except that its tender " is not in compliance with your contract."

The plaintiff never elected to rescind the contract, or at least never notified defendant of any such election, until this action was commenced on September 15, 1915.   The action is one at law for a return of the consideration paid, based upon an allegation that plaintiff had elected to rescind the contract for

purchase and demanded a return to him of the consideration paid.   Since there was no disputed question of fact involved the parties stipulated that the jury should be discharged and a verdict directed by the court as if the jury were present.   After consideration, and apparently with some hesitation, the court directed a verdict to be entered in plaintiff's favor, so that he now has title to the property and a judgment for the full amount of the consideration.

It is to be noted that the contract did not fix any time or any place for the delivery of the deed.   The provisions in this regard are that "upon the full payment of the said principal sum, with the interest as above provided, and the performance of the conditions hereof said premises *shall be conveyed* to said party of the second part," etc.   This did not mean that defendant was bound, at the peril of forfeiture of the contract, to make conveyance the instant the payment of the consideration was made.   It was entitled to a reasonable opportunity to comply with its contract, especially where, as in this case, the purchaser had anticipated the payments.   And in the absence of any specified day for delivery of the deed the plaintiff could not rescind the contract for non-performance and demand a return of the consideration paid until he had given notice to. defendant requiring performance within a specified reasonable time, and defendant had failed to convey within that time.   (*Taylor v. Goelet*, 208 N. Y. 258.)   As has already been said, plaintiff never elected to rescind the contract until this action was brought, but insistently demanded that the contract should be carried out by delivery of the deed, without, however, fixing a date for such delivery.   The allegation in the complaint that plaintiff "has elected to rescind " the contract was, therefore, erroneous if it was intended to refer to anything that had been done before the commencement of the action.

But the deed had been delivered on the very day that plaintiff first demanded its delivery if, under all the circumstances, delivery to the county clerk for recording was a delivery.   We think it was.   When plaintiff received from defendant the closing statement it contained plainly written therein a " recording fee " and this plaintiff paid without demur. Whether or not plaintiff understood this entry may be doubt-

ful, but the defendant was not bound to take notice of the limitations of his intelligence, and having been paid a fee for recording the deed was bound to use the money for that purpose. And the delivery to the county clerk for record was sufficient to pass title to plaintiff, since it was for that very purpose that the delivery was made. The rule in this State is that "' if the delivery to the third person be absolute, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that the conveyance is beneficial to him.'" (*Edlich* v. *Gminder*, 65 App. Div. 496, and cases cited.)

It appears, therefore, that long before this action was commenced the property had been conveyed to plaintiff and the title thereto vested in him. It was then too late to rescind the contract. If plaintiff had suffered any damage from the delay, of which there is no proof, he might recover in a proper form of action. As to the delay in tendering the title policy, that also is governed by what has already been said as to the delay in tendering the deed. The plaintiff made no specific objection to the form of the policy when it was tendered to him. If it did not conform in any particular with the terms of the contract he should have specifically pointed out the defect, to the end that it might be cured. Having failed to do this, he cannot now rely upon such defect as a ground for recovering back his paid consideration.

The action has no merit, and the direction of a verdict in favor of defendant once made should have been allowed to stand.

The judgment appealed from is reversed and the complaint dismissed on the merits, with costs to appellant in this court and in the court below.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and ordered reversed, with costs, and complaint dismissed, with costs.