(December 21, 1965)

■ LEWIS S. ROSENSTIEL, Respondent, v. SUSAN L. ROSENSTIEL, Appellant.
APPEAL from an order of the Supreme Court at Special Term, entered October 14, 1965 in New York County, which granted a motion by plaintiff for an order granting possession and custody of certain personalty pendente lite, and denied defendant's motion for a rehearing.

Per Curiam. By order entered on April 30, 1962, upon defendant's motion to vacate a requisition to the Sheriff concerning the personalty involved in this replevin action, the issue of ownership of the personalty was referred to a Special Referee to hear and report, and pending the coming in of his report the motion was held in abeyance and both parties stayed "from any further removal of the chattels." In July, 1964 plaintiff moved for an order vacating the direction of a reference and the stay, permitting plaintiff to repossess items of personalty removed from his houses, and holding defendant in contempt for violation of the April 30, 1962 order. This motion was heard by a Justice other than the Justice who had issued the April 30, 1962 order, notwithstanding defendant's request that the motion be referred to the latter Justice. The motion was denied by order dated August 11, 1964. In July, 1965 plaintiff

moved for an order restoring the personalty to his possession pending a final determination of the action. The motion was heard by the Justice who issued the August 11, 1964 order and it is from his order granting the motion that the present appeal is taken.

The demands of orderly procedure require a reversal. The express objective of the July, 1964 motion was to vacate the April 30, 1962 order, and while the instant motion is couched differently, granting it necessarily involves such a vacatur. It is but a renewal of the July, 1964 motion, and like that motion should have been transferred in accordance with settled practice to the Justice of co-ordinate jurisdiction whose order was sought to be vacated (*Mount Sinai Hosp.* v. *Davis,* 8 A D 2d 361; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.01; CPLR 2221). We are unable to find that the point has been waived or the April 30, 1962 order abandoned, as plaintiff contends. It should also be noted that at the time the order appealed from was filed, the underlying replevin action was on the eve of trial and was in fact assigned to a Trial Part shortly thereafter.

Accordingly, the order entered on October 14, 1965, granting plaintiff's motion for an order restoring certain personalty to his possession, should be unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion denied, with costs.

Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ., concur.

Order, entered on October 14, 1965, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to appellant, and the motion denied.