■ In the Matter of ALMA K. FILI, Respondent, v. SALVATORE P. FILI, Appellant.— Order entered on April 19, 1966, granting petitioner's application pursuant to CPLR 3102 (subd. [c]) to take the oral deposition of respondent and to examine the books and records of J. F. N. Associates, Inc., a corporation of which respondent is an officer and an owner of a substantial stock interest, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to respondent-appellant, and the application is denied. This application is virtually identical with one made by petitioner before Mr. Justice Aurelio which was denied by him by order dated June 2, 1964, from which no appeal was taken. It is more in the nature of a motion to renew or reargue the previous application rather than a new application, and thus it should have been made to Mr. Justice AURELIO (CPLR 2221; *Ecco High Frequency Corp.* v. *Amtorg Trading Corp.*, 81 N. Y. S., 2d 897, affd. 274 App. Div. 982; 2 Carmody-Wait 2d, New York Practice, § 8:73–8:83). Moreover, on the merits petitioner fails to make a case for the requested examination, because she rests it on suspicion only (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582; *Kenerson* v. *Davis*, 278 App. Div. 482). Concur — Botein, P. J., Stevens, McNally, McGivern and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP GORDON, Appellant.— Judgment convicting defendant upon his plea of guilty of petit larceny and criminally concealing and withholding stolen goods, the subject of the larceny, and sentencing him to one year imprisonment on each count, to run consecutively, unanimously modified, on the law, to reverse the conviction of criminally concealing and withholding stolen goods and to strike defendant's plea thereto, and as so modified, affirmed. The two crimes to which defendant pleaded arose out of his single act of larceny of the particular goods. Hence, it was improper to impose punishment for more than one of the crimes (Penal Law, § 1938; *People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 264; *People* v. *Daghita*, 301 N. Y. 223; *People* v. *Brien*, 53 Hun 496; *People* v. *Volpe*, 46 Misc 2d 958). Moreover, on receiving the plea, the court had knowledge that the goods which defendant stole were the same as to which he was pleading guilty of concealing and withholding, and hence, despite *People* v. *Foster* (19 N Y 2d 150), and *People* v. *Griffin* (7 N Y 2d 511, 516), this plea was improper under the above authorities. The plea, therefore, should not have been received (see *People* v. *Serrano*, 15 N Y 2d 304). Concur — Botein, P. J., Steuer, Capozzoli, Tilzer and Witmer, JJ.