■ DAVID BEGLER, Respondent, v NATHAN SALTZMAN, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered October 7, 1975, granting plaintiff's motion to cure his default in service of his complaint, unanimously reversed, on the law and the facts, and the motion denied. Appeal from the order of the Supreme Court, New York County, entered October 31, 1975, denying reargument, unanimously dismissed as nonappealable, with one bill of $40 costs and disbursements of these appeals

to appellant. The procedural background resulting in this appeal had its origins in August, 1972 when plaintiff initiated this suit by service of a summons without complaint upon both defendants. The notice on the summons apprised the defendants that the plaintiff sought damages against defendants for "fraud, misrepresentation and conspiracy" in the amount of $33,000. The summons was dated August 18, 1972, and the defendant Saltzman filed a notice of appearance and demand for a complaint dated August 21, 1972. A verified complaint was served on November 28, 1972, well beyond the 20-day time limitation imposed by statute (CPLR 3012, subd [b]) and was rejected by the defendant Saltzman. Plaintiff moved to compel the defendant to accept the complaint, which was denied by Justice Saypol with leave to renew on proper papers. The renewed motion returnable before Justice Helman was also denied. The court stated that the affidavit of merits was inadequate and that plaintiff's actions have severely prejudiced the defendant. No appeal was taken from that order. Plaintiff commenced a second action by service of a new summons and complaint, which action was dismissed by Justice Carney because of the pendency of the instant action. Plaintiff then moved before Justice Greenfield to discontinue this action without prejudice in order to bring suit *de novo*. This was denied by the court, reasoning that to grant the relief sought would circumvent the requirement that a plaintiff seek leave of the court to cure his default. Justice Greenfield interpreted Justice Helman's order as not being "a finding against the plaintiff on the merits." Judge Greenfield denied the motion without prejudice to renewal of the motion to cure the default on proper papers. The motion now on appeal was returnable before Justice Gellinoff and resulted in the motion's being granted. We would reverse. While the prior order of Justice Helman is not *res judicata* since no judgment was entered *(Rudd v Cornell,* 171 NY 114; *Peterson v Forkey,* 50 AD2d 774), and while generally the courts allow the parties to an action to chart their own procedural course *(Stevenson v News Syndicate Co.,* 302 NY 81, 87), nonetheless the practice followed by the plaintiff in this case so violated the concepts of orderly procedure that the order must be reversed. For example, a motion to renew may be brought after time to appeal from the original order has expired *(Prude v City of Erie,* 47 AD2d 111), but it should be returnable before the Justice who signed the original order or transferred to him (CPLR 2221). The procedure here followed resulted in one Judge overruling a Judge of co-ordinate jurisdiction, which cannot be countenanced since it violates the orderly procedure of the court *(Kamp v Kamp,* 59 NY 212; *Rosenstiel v Rosenstiel,* 24 AD2d 952, 953). Furthermore, we note that even on this latest motion the plaintiff has shown insufficient in his affidavit of merits to warrant the relief sought. Concur—Murphy, J. P., Lupiano, Burns, Silverman and Lane, JJ.