■ THEODORA CORSELL, Respondent, v PETER CORSELL, Appellant. — Order, Supreme Court, New York County, entered June 24, 1980, which granted plaintiff's motion for temporary exclusive possession of the marital home, affirmed, without costs. The only issue of substance on this appeal is the question of the temporary exclusive possession of the marital home pending a trial. As we have many times indicated, the best solution is an expedited trial at which time the court may review all of the evidence and see the witnesses and make a more informed determination. *(Johnson v Johnson,* 73 AD2d 860; *Richter v Richter,* 70 AD2d 869.)* The solution suggested by the dissent would merely postpone reaching the merits. Concur — Kupferman, J. P., Carro, Lupiano and Fein, JJ.

Lynch, J., dissents in a memorandum as follows: Justice Martin Evans denied a motion by the plaintiff wife for exclusive possession of the marital premises. Thereafter, feeling that a different state of facts had arisen, the plaintiff renewed her motion for exclusive possession. This motion came before Justice Gomez who granted it. I find this to be in contravention of CPLR 2221 which expressly requires a renewal motion to be referred to the Judge who signed the original order (see, also, *Begler v Saltzman,* 53 AD2d 578; *Rosenstiel v Rosenstiel,* 24 AD2d 952; *Matter of Fili v Fili,* 27 AD2d 908). By its affirmance here the majority seems to suggest that a subsequent motion need not be referred when a different state of facts has arisen since the original motion. If that be the case then I would note that a motion brought about by the arising of a different state of facts is by definition a motion to renew the prior motion *(Riggs v Pursell,* 74 NY 370; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03). I would reverse and remand the motion to renew to Justice Evans.