■ WILLIE PATTERSON, Appellant, v TOWN OF HEMPSTEAD, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated November 23, 1983, which denied the application, and (2) an order of the same court, dated February 24, 1984, which denied his motion for renewal or reargument of his application.

Order dated February 24, 1984 reversed, as a matter of discretion, without costs or disbursements, petitioner's motion, which was in the nature of a motion for renewal, granted, and, upon renewal, order dated November 23, 1983 vacated, application for leave to serve a late notice of claim granted, and petitioner's notice of claim deemed served.

Appeal from order dated November 23, 1983 dismissed as academic in light of our determination with respect to the appeal from the order dated February 24, 1984, without costs or disbursements.

The motor vehicle accident giving rise to the claim herein occurred on June 30, 1983. Although petitioner executed a notice of claim on July 18, 1983, it was not served on respondent until September 30, 1983, 92 days after the claim arose.

By notice of motion dated October 21, 1983, petitioner moved pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim. The affirmation of petitioner's attorney failed to set forth the date on which the notice of claim had actually been served, and merely alleged, in conclusory fashion, that the untimely service was attributable to a negligent process server. In an affirmation in opposition to the motion, an attorney for the town conceded that it had acquired actual knowledge of the accident giving rise to the claim, and that it would suffer no prejudice by reason of the late service of the notice of claim. Nevertheless, by order dated November 23, 1983, Special Term denied petitioner's motion on

the ground that there had been no showing of infancy or mental or physical incapacity as the reason for the failure to timely serve the notice of claim.

By notice of motion dated February 7, 1984, petitioner moved for leave to renew, or, alternatively, to reargue the application for leave to serve a late notice of claim. Included with petitioner's motion papers was a copy of the process server's affidavit of service, alleging that the notice had in fact been served on September 30, 1983, only two days after expiration of the 90-day period within which the notice was required to have been served (General Municipal Law, § 50-e, subd 1, par [a]). Nevertheless, by order dated February 24, 1984, Special Term denied the motion, which it denominated as a motion for leave to reargue, concluding that petitioner had provided nothing warranting a change in its original determination. In addition, Special Term determined *sua sponte* that the motion, as one for reargument, had not been timely made, because the time for taking an appeal from the prior order had expired.

We reverse the order denying leave to renew or reargue, concluding that petitioner's motion should have been treated by Special Term as a motion to renew based upon new evidence. Because petitioner's original motion for leave to serve a late notice of claim had failed to establish the extent of the delay in serving the notice, the subsequent motion was in the nature of renewal, because it placed before Special Term new facts, i.e, the process server's affidavit of service, thereby establishing that the notice of claim had been served 92 days after the claim arose. Although it is clear that petitioner had this information available to him at the time of the original motion, the requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion (*Vitale v La Cour,* 96 AD2d 941; see, also, *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; *Feinstein v Goebel,* 97 AD2d 456). Also, because a motion for renewal may be made after the time to appeal from the original order has expired (*Begler v Saltzman,* 53 AD2d 578; *Prude v County of Erie,* 47 AD2d 111), it cannot be said that petitioner's motion was untimely.

Turning to the merits, the motion for renewal should have been granted and, thereupon, the previous order denying petitioner's motion for leave to serve a late notice of claim should have been vacated and petitioner's motion granted. "[T]he statutory amendments to subdivision 5 of section 50-e of the General Municipal Law are to be liberally construed and * * * the absence of an acceptable excuse is not necessarily fatal. Rather, all

relevant factors are to be considered, including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or shortly thereafter" (*Matter of Cicio v City of New York,* 98 AD2d 38, 39). In this case, the notice of claim was served only two days beyond the statutory period and the municipality conceded that it had acquired actual knowledge of the essential facts constituting the claim and that it suffered no prejudice by reason of the delay. Under these circumstances, it was an improvident exercise of discretion to have denied petitioner's motion regardless of whether the dereliction of the process server constituted an acceptable excuse. Although infancy and mental or physical incapacity are factors to be considered in determining an application for leave to serve a late notice of claim (General Municipal Law, § 50-e, subd 5), Special Term erred in concluding that petitioner's failure to establish the existence of one of those factors was fatal to his application (see General Municipal Law, § 50-e, subd 5; *Matter of Cicio v City of New York, supra*). Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.