■ GEORGE A. OREMLAND et al., Respondents, v MILLER MINUTEMEN CONSTRUCTION CORP., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Benson, J.), entered September 19, 1986, which granted the plaintiffs' motion for a protective order vacating the defendant's notice of discovery and inspection, and (2) an order of the same court, entered November 19, 1986, which denominated the defendant's motion for renewal as one for reargument and denied the same.

Ordered that the order entered November 19, 1986 is reversed, in the exercise of discretion, the defendant's motion is treated as an application for renewal, renewal is granted, and, upon renewal, the order entered September 19, 1986 is vacated, the motion for a protective order is denied, and the plaintiffs are directed to comply with the notice for discovery and inspection upon written notice of at least 10 days, or at such time as the parties may agree; and it is further,

Ordered that the appeal from the order entered September 19, 1986 is dismissed as academic, in light of our determination with respect to the appeal from the order entered November 19, 1986; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant Miller Minutemen Construction Corp. had been hired by the plaintiffs in September of 1983 to determine the source of and to rectify a flooding problem which existed

in the basement area of the plaintiffs' home. The parties entered into an oral contract whereby the defendant agreed to and eventually did perform certain work on the plaintiffs' premises. The plaintiffs thereafter remitted the sum of money owed under the contract; however, the flooding condition evidently persisted. Additional work was performed by the defendant, which entailed substantial digging, but the flooding continued. The plaintiffs alleged that as a result of the additional excavation performed by the defendant, their lawn, landscaping and driveway had been "destroyed" and that the foundation, walls, flooring and ceiling of their home had been structurally damaged. The plaintiffs then commenced the instant action to recover damages for injury to their property as a result of the defendant's alleged breach of contract.

On or about July 28, 1986, the defendant served the plaintiffs with a notice of discovery and inspection wherein the defendant sought to obtain a soil sample of the plaintiffs' property. The plaintiffs, in response, moved for and ultimately obtained a protective order vacating that notice for discovery and inspection. The Supreme Court, Dutchess County, in granting the plaintiffs a protective order, concluded that the defendant had failed to demonstrate that the requested soil sample was material and necessary to the defense of this action.

The defendant thereafter moved for leave to renew the application for a protective order. In support of this motion, the defendant submitted an affidavit from its engineer which indicated, in essence, that the analysis of a soil sample would be helpful in determining whether the flooding was caused or exacerbated by the work performed by the defendant or whether the problem of accumulated water was due to the composition and absorbency rate of the soil itself. This engineer further indicated that the extraction of a soil sample would merely entail the drilling of a 2¼-inch hole in the plaintiffs' property.

The Supreme Court, Dutchess County, declined to consider the engineer's affidavit, denominated the defendant's motion to renew as one to reargue, and denied the same.

We reverse the second order and conclude that the Supreme Court should have treated the aforesaid application as a motion for leave to renew, based upon the submission of new and additional facts. Although the denial of the defendant's motion was predicated, in part, upon the defendant's failure to have demonstrated that the facts asserted in the engineer's affidavit constituted newly discovered evidence, this court, on

numerous occasions, has held that "the requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion" *(Patterson v Town of Hempstead,* 104 AD2d 975, 976; *Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865). The Supreme Court, Dutchess County, by declining to consider the engineer's affidavit and by denominating the defendant's motion to renew as one for reargument, failed to recognize that the standards for renewal are flexible and thereby failed to exercise its discretion accordingly.

Turning to the merits, we conclude that the extraction of a soil sample is relevant and material to the defense of this action and to the defendant's attempt to ultimately prove that the cause of flooding was unrelated to work it performed for the plaintiffs. Moreover, the entry upon designated land, for purposes of inspection, measuring, surveying, sampling and testing, is specifically recognized in CPLR 3120 (a) (1) (ii). Nor would the extraction of a relatively small soil sample significantly and detrimentally affect the plaintiffs' property. Since the analysis of the soil sample may be probative, if not critical, in determining causation, and since the extraction of such a sample is recognized by statute, the protective order should be vacated and the notice for discovery and inspection served by the defendant should be reinstated. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.