■ LONG ISLAND HOME, LTD., Doing Business as SOUTH OAKS HOSPITAL, Appellant v ANNE McCANN, Respondent.—In an action to recover the balance allegedly due for services rendered to the defendant, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated August 5, 1987, which denied its motion for summary judgment and, upon searching the record, granted summary judgment to the defendant, and (2) an order of the same court, dated October 8, 1987, which denied its motion, in effect, for renewal of its motion for summary judgment.

Ordered that the order dated October 8, 1987, is reversed, on the law, without costs or disbursements, the motion for renewal is granted, and, upon renewal, the order dated August 5, 1987, is modified, by deleting the provision thereof which, upon searching the record, granted summary judgment to the defendant, and the original determination is otherwise adhered to; and it is further,

Ordered that the appeal from the order dated August 5, 1987, is dismissed, without costs or disbursements, as academic, in light of the determination on the appeal from the order dated October 8, 1987.

The plaintiff hospital seeks to recover payment for 55 days of treatment rendered to the defendant who was a patient at its facility. Upon admission to the hospital, the defendant signed an "admission agreement" pursuant to which she agreed, *inter alia*, "that the obligation of the within agreement is a personal obligation". According to the defendant, upon her arrival at the hospital, she presented duly signed major medical forms, after which the admitting attendant indicated that there was no need to fill in a blank space in the agreement pertaining to advance payment of the weekly rate.

Thereafter, when full payment was not received, the plaintiff sent numerous letters to the defendant demanding payment, to which she did not reply. When payment was not forthcoming, the plaintiff commenced suit and subsequently

moved for summary judgment seeking the sum of $14,876.44 for the services rendered. The court denied the motion and instead, upon searching the record, granted summary judgment to the defendant. The plaintiff then moved for "reargument and/or renewal" and that motion was denied. We treat this motion as a motion for renewal *(see, Patterson v Town of Hempstead,* 104 AD2d 975).

The defendant in opposition to the plaintiff's motion for summary judgment had argued that it had been negligent in processing her insurance claim, resulting in the ultimate denial of coverage by her major medical carrier. Her coverage was provided through her husband's employer. In its motion for renewal, the plaintiff adduced evidence suggesting that the carrier had delayed payment after questions arose with regard to the defendant's coverage in light of her recent divorce. Questions of fact which cannot be resolved as a matter of law on the record before us exist with respect to, *inter alia,* the foregoing insurance dispute, the plaintiff's account stated and implied contract claims and the defendant's assertion that an essential term had been omitted from the admission agreement signed by her upon entering the hospital. In light of the foregoing, we conclude that neither party has established entitlement to judgment as a matter of law. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.