■ BERNETTA M. CARUSO, Appellant, v JOSEPH P. CARUSO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 21, 1988, as granted the defendant's motion to renew her application for child support pendente lite, and upon renewal, vacated so much of an order dated October 22, 1987, as awarded her temporary child support of $500 per week, and, reduced the amount of temporary child support to $200 per week.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The court properly granted the defendant's motion based upon his submission of a revised net worth statement and further affidavits explaining his financial situation. While the general rule has often been stated that an application for leave to renew should be based on newly discovered facts, the rule is not inflexible and the court may exercise its discretion to grant renewal even upon facts known to the moving party at the time of the original motion *(see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Here, the court's comment in connection with the original pendente lite award

that the defendant's submissions had failed to provide it with an accurate picture of his finances impliedly invited the defendant to resubmit his financial information in a clearer form *(see, Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

The record also supports the court's decision upon renewal to reduce the defendant's obligation for temporary child support to $200 per week. Upon review of all of the relevant factors, including a balancing of the respective finances of the parties with the needs of the two children, as well as consideration of the preseparation standard of living, we find that the sum provided is adequate *(see,* Domestic Relations Law § 236 [B] [7] [a]; § 240; *see generally, Matter of Brescia v Fitts,* 56 NY2d 132, 141; *Matter of Boden v Boden,* 42 NY2d 210, 212). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.