■ STACEY COHEN, Appellant, v TLC WOMEN'S SERVICES, INC., et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated January 20, 1989, which (1) denied that branch of her motion which was to vacate an order of the same court, entered June 14, 1988, which, upon her default in submitting opposition papers to the defendants' motions for summary judgment, granted the defendants' motions for summary judgment dismissing the

complaint, and (2) denied that branch of her motion which was for reargument of the defendants' motions for summary judgment.

Ordered that the plaintiff's appeal from so much of the order as denied that branch of her motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

Based upon a review of the record, we conclude that the Supreme Court acted properly in denying that branch of the plaintiff's motion which was to vacate her default. The plaintiff's moving papers fail to set forth a reasonable excuse for her failure to timely oppose the defendants' summary judgment motions (see, Villetto v Terio, 146 AD2d 697). Although the plaintiff claimed that, prior to the return date of the defendants' motions, she was unable to contact her expert witness in order to obtain an opposing affidavit, she failed to explain what efforts, if any, were taken to locate that witness. Moreover, the record reflects that the plaintiff had notice of the defendant Shay's summary judgment motion for approximately seven weeks prior to the motion's return date. The plaintiff had also been made aware of the defendants' intentions to move for summary judgment during the several pretrial conferences which the parties had attended prior to the filing of the instant motions.

Additionally, the plaintiff's moving papers failed to establish the existence of a meritorious cause of action. The affidavit of merit submitted by the plaintiff's expert contained bare and conclusory allegations which failed to establish that the defendants' conduct was a deviation from accepted medical practice and that their conduct was a proximate cause of the plaintiff's injuries (see, Friedberg v Bay Ridge Orthopedic Assocs., 122 AD2d 194; Amsler v Verrilli, 119 AD2d 786).

Finally, to the extent that the plaintiff challenges the propriety of the denial of reargument, her arguments are beyond the scope of appellate review inasmuch as no appeal lies from an order denying reargument (see, Syracuse Bros. v Darcy, 127 AD2d 588). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.