■ DOROTHY N. MCKAY, Appellant, v H.I.P. OF GREATER NEW YORK et al., Defendants, and ROCHDALE CENTER, Respondent. —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Joy, J.), dated June 24, 1988, which denied her motion for reargument, denominated as a motion to renew her motion to vacate her default in opposing the motion of the defendant Rochdale Center for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the appeal is dismissed, with costs.

In the instant case, the plaintiff did not proffer any explanation as to her failure to submit an affidavit from a medical expert establishing a meritorious cause of action on her original motion to vacate her default. Therefore, her motion, denominated a motion to renew, is, in actuality, a motion for reargument, and no appeal lies from the denial of that motion *(see, DeFreitas v Board of Educ.,* 129 AD2d 672).

While under certain circumstances, a court may, in the exercise of discretion, treat such a motion as a motion to renew despite the fact that movant was aware of the additional facts at the time of the earlier application *(see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816, 818), there were no factors in this case which would suggest that the Supreme Court should have exercised that discretion *(see, McRory v Craft Architectural Metals Corp.,* 112 AD2d 358, 359).

In any event, even if the plaintiff might have been entitled to renewal, she would not have been entitled to vacatur of her default. The affidavits of her medical expert were couched in only the most conclusory terms and failed to establish any causal connection between any alleged malpractice and the plaintiff's injuries. Indeed, they failed to even implicate the defendant Rochdale Center in any of the negligent acts. Furthermore, the plaintiff failed to show that her cause of action against Rochdale Center was not time barred by the Statute of Limitations *(see,* CPLR 214-a). Thus, the plaintiff failed to establish that she had a meritorious cause of action, a necessary requirement for vacatur *(see, Cohen v TLC Women's Servs.,* 157 AD2d 764). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.