■ PETER M. PIETROWSKI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), entered October 5, 1988, which denied his motion to strike the defendant city's answer and granted the city's cross motion to dismiss the complaint insofar as it is asserted against it for failure to timely commence the action within the 1-year and 90-day period prescribed by General Municipal Law § 50-i.

Ordered that the order is affirmed, without costs or disbursements.

On May 10, 1982, the plaintiff, a New York City firefighter, was injured when the roof of a building collapsed while he was fighting a fire in Brooklyn. A timely notice of claim was served upon the city on July 29, 1982. On March 16, 1983, an examination of the plaintiff was held pursuant to General Municipal Law § 50-h. Thereafter, on August 9, 1983, 1 year and 91 days after the happening of the accident, the plaintiff served the city with a summons and complaint.

The city subsequently sought a dismissal of the complaint insofar as it is asserted against it on the ground that the plaintiff's action was time barred because it was not commenced within the 1-year and 90-day period prescribed by General Municipal Law § 50-i. The city's motion was denied by the Supreme Court, which concluded that it could not resolve that issue on the basis of the affidavits before it. The plaintiff's amended complaint as well as his affidavit in opposition to the city's motion listed the time of the accident as somewhere between 11:30 P.M. on May 10, 1982, and 12:30 A.M. on May 11, 1982. If the accident had in fact occurred on May 11, 1982, the action would have been timely commenced. If, on the other hand, the accident occurred on May 10, 1982, the action was time barred.

Thereafter, in March of 1988 the plaintiff moved to modify a previous order of the Supreme Court which directed him to place the matter on the Trial Calendar, and to strike the city's answer for failing to comply with his discovery demands and a precalendar order dated January 14, 1987. In response, the city cross-moved, *inter alia,* to dismiss the complaint insofar as it is asserted against it, again on the ground that the action was time barred because the plaintiff failed to comply with General Municipal Law § 50-i. Attached to the city's cross motion were portions of the plaintiff's testimony which were taken at an examination before trial, conducted after the city's original motion to dismiss had been heard. The plaintiff's testimony conclusively established that the accident occurred on May 10, 1982.

On appeal, the plaintiff argues (1) that the city's second motion was, in effect, a motion to renew and should not have been entertained by the court, (2) that the Supreme Court should have struck the city's answer, thereby eliminating the Statute of Limitations defense contained therein which was the basis for dismissing the complaint, (3) that the word "day" should be interpreted to mean a 24-hour period thereby rendering the action timely, and (4) that inasmuch as pleadings are to be liberally construed, the time period set forth in the notice of claim and amended complaint should suffice to bring the action within the Statute of Limitations period. We do not agree.

Assuming without deciding that the procedural points raised by the plaintiff could operate to prevent a dismissal of the complaint insofar as it is asserted against the city, an examination of those issues reveals that they are without merit. Although the city's second motion was, in effect, a

motion to renew, it was properly entertained by the court because it was based upon an examination before trial which was conducted after the original motion to dismiss had been heard. In any event, " 'the requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion' " *(Oremland v Miller Minuteman Constr. Corp.,* 133 AD2d 816, 818). Similarly, the striking of an answer for failing to disclose is an "extreme" penalty left to the sound discretion of the trial court, and should only be levied when the failure to disclose can be deemed "willful or contumacious" *(Stathoudakes v Kelmar Contr. Corp.,* 147 AD2d 690, 691). Inasmuch as the record before us does not demonstrate that the city's failure to comply with the court's precalendar order was willful, the Supreme Court's refusal to strike that defendant's answer was proper.

Nor do we agree that when computing the 1-year and 90-day Statute of Limitations period set forth in General Municipal Law § 50-i, a "day" should be viewed in 24-hour increments. Such an analysis runs counter to the long-settled prevailing rule that, when computing time periods, fractions of a day will not be utilized unless they are material to the resolution of competing claims *(see, Bacalokonstantis v Nichols,* 141 AD2d 482).

Finally, the testimony of the plaintiff taken at an examination before trial conclusively established the date of the accident as May 10, 1982, and, therefore, without question, the original summons and complaint served on August 9, 1983, were untimely because they were served 1 day after the expiration of the 1-year and 90-day Statute of Limitations period. If an action could be deemed timely, despite a court's knowledge of the existence of facts to the contrary, merely because a notice of claim or the pleadings seemed to indicate on their face that it was, General Municipal Law § 50-i would be rendered meaningless. Accordingly, the complaint was properly dismissed insofar as it is asserted against the city. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.