■ SHEILA SAFERSTEIN, Individually and as Administratrix of the Estate of LESLIE J. SAFERSTEIN, Deceased, Appellant, v RICHARD M. STARK et al., Respondents, et al., Defendant.—In an action to recover damages for wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Collins, J.), dated October 5, 1988, which granted the motion of the defendants J. Morrison, Laurence Kaplan, Irwin Kothin and Eugene Glatter to compel the plaintiff to produce certain X-rays of the plaintiff's decedent and denied the plaintiff's cross motion to compel them to produce those X-rays, and (2) an order of the same court, dated September 12, 1989, which, denied the plaintiff's motion for leave to renew the prior motion and cross motion which the Supreme Court deemed a motion for reargument.

Ordered that the order dated September 12, 1989, is reversed, in the exercise of discretion, without costs or disbursements, the plaintiff's motion is treated as an application for leave to renew the prior motion and cross motion, and renewal is granted; and it is further,

Ordered that, upon renewal, the order dated October 5, 1988, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the whereabouts of the X-rays in question and a new determination in accordance herewith; and it is further,

Ordered that the appeal from the order dated October 5, 1988, is dismissed, without costs or disbursements, as academic, in light of our determination with respect to the appeal from the order dated September 12, 1989.

Although the affidavits submitted by the plaintiff in support of her motion for renewal contained facts which the plaintiff failed to demonstrate were newly discovered, "the requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion" (Patterson v Town of Hempstead, 104 AD2d 975, 976). Here the Supreme Court failed to recognize that it possessed such discretion, and it therefore erred in summarily denying the plaintiff's motion as an untimely

motion for reargument *(see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Under the facts of this case, we conclude that the Supreme Court should have exercised that discretion and considered the plaintiff's motion as one for leave to renew the prior motion and cross motion *(see, Oremland v Miller Minutemen Constr. Corp., supra; cf., McKay v H.I.P. of Greater N. Y.,* 163 AD2d 280).

Turning to the merits of the underlying application, the affidavits submitted by the plaintiff on the renewal motion raise questions of fact as to the whereabouts of the X-rays in question. Since a party cannot be compelled to disclose that which is not in his or her possession *(see, Corriel v Volkswagen of Am.,* 127 AD2d 729), a hearing must be held to determine if, in fact, the X-rays are in the possession of the defendant North Shore University Hospital. Moreover, if it is ultimately determined that the X-rays in question are lost, the court must fashion an appropriate remedy, keeping in mind that, absent misconduct, the failure to disclose lost evidence cannot be considered willful or contumacious *(see, Goens v Vogelstein,* 146 AD2d 606; *Gaylord Bros. v RND Co.,* 134 AD2d 848). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.