■ JAY LEVY ASSOCIATES, Respondent, v MOHLENHOFF & SONS, INC., et al., Appellants.—In an action to recover down payments made pursuant to contracts for the sale of two contiguous parcels of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 26, 1990, as granted the plaintiff's motion for renewal of that branch of the defendants' prior motion which was for summary judgment and, upon renewal, denied that branch of the motion.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the defendants' motion which was for summary judgment dismissing the complaint and substituting therefor a provision granting that branch of the motion, and by adding a provision awarding the plaintiff summary judgment dismissing the counterclaims; as so modified, the order is affirmed, with costs to the defendants.

Upon a review of the record we find that the plaintiff buyer offered no proof that at the final closing, at which time was of the essence, it was ready, willing, and able to purchase the parcels at issue; thus, we conclude that under the clear terms of the contracts the sellers were entitled to retain the $1.5 million in down payments upon their tender of the deeds and other necessary documents *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Indig v Finkelstein,* 23 NY2d 728; *see,* 4 Carmody-Wait 2d, NY Prac § 29:16, citing *Williams v Healy,* 3

Denio 363). We find unavailing the specific objections to that tender advanced in this litigation, all of which were subsequently made. The general statement by the buyer's counsel at the closing that tender was defective was inadequate, gave the sellers no opportunity to cure *(see, McCloat v Floral Park Villa Co.,* 177 App Div 865, 868), and, in view of the buyer's unwillingness to make its own tender of the purchase money, did not obligate the sellers to make a further or different tender before they sought to exercise their rights under the contracts *(Cochran v Taylor,* 273 NY 172, 183). We find no merit to the objections made in any event. Under these circumstances, summary judgment should have been granted to the defendants. We also find that the contracts contained liquidated damages provisions limiting the defendants' remedy to the retention of the down payments, a fact which was conceded by the defendants in their brief and upon the oral argument of this appeal. Accordingly, we dismiss the counterclaims as well *(see,* CPLR 3212 [b]).

We note that although the buyer proffered no explanation as to why it failed to oppose the original motion with an affidavit setting forth the facts which were subsequently advanced upon the renewed motion *(see, Spear v Herbert,* 152 AD2d 558; *Martini v Asmann,* 146 AD2d 571), the Supreme Court did not improvidently exercise its discretion in granting renewal in view of the particular procedural and factual posture of this case *(see, e.g., Pietrowski v City of New York,* 166 AD2d 423; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.