OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion "for an order and judgment * * * granting renewal or rehearing of this petition on the additional facts submitted”. (If "rehearing” is intended to mean reargument, it is denied. The court will treat this solely as a motion for renewal.)
With considerable justification the petitioner, who opposes this motion for renewal, points out that every single "fact” alleged by the Assistant Attorney-General was known to him at the time of submission of the original petition. Renewal, of course, is based upon additional facts existing but unknown to the moving party at the original argument (Venuti v Novelli, 179 AD2d 477 [1st Dept 1992]; Foley v Roche, 68 AD2d 558, 568; American Trading Co. v Fish, 87 Misc 2d 193, 195). The latter rule, however, is not hard and fast, for the Supreme Court has discretion to grant renewal upon a proper showing (Levy Assocs. v Mohlenhoff & Sons, 180 AD2d 665; Pietrowski v City of New York, 166 AD2d 423, 425; Oremland v Miller Minutemen Constr. Corp., 133 AD2d 816, 817-818).
The papers of the Assistant Attorney-General submitted on the original petition were unpersuasive simply because they were devoid of any relevant facts and were, in effect, a lecture or sermon on the Attorney-General’s view of the law.
This motion for renewal differs from the usual motion for renewal in that there are interests involved at this point which were not previously called to the court’s attention (or perhaps, to the attention of those interested parties) who now, although informally, have asked to be heard. To the extent that these *159 additional parties demonstrate that information provided by them to the respondent is entitled to confidentiality, the court grants renewal. Indeed, as the original decision demonstrated, the court was prepared to respect the Attorney-General’s specific promises of confidentiality made to specific people or entities.
This court made quite clear in its decision of April 28, 1991 (Matter of Ragusa v New York State Dept. of Law, 152 Misc 2d 602) that the court was prepared to follow the case of Hawkins v Kurlander (98 AD2d 14) in supporting promises of confidentiality made by the Attorney-General to specific witnesses. It is not the function of the court, and the court does not intend to assume the obligation of determining the wisdom of the Attorney-General’s promises to witnesses or even to targets.
The only people who appear to be involved here who were given notice of this application by the Attorney-General and who chose to participate by submitting affidavits were the attorneys for Matsushita; and Lawrence I. Fox, Esq. of Berger and Steingut, Esqs., representing anonymous "clients I represented at that time and still represent.”
Where it is clear in the case of Mr. Fox’s clients that the Attorney-General made a promise of confidentiality, the promise will be respected; and these are the promises set forth in the Attorney-General’s correspondence to Mr. Fox dated November 8, 1988 and December 2, 1988. The limitations sought to be imposed on the Attorney-General by Mr. Fox and others in his firm by their letters to the AttorneyGeneral will not be enforced, it being obvious that the Assistant Attorney-General was to some extent selective in the items which he agreed to keep in confidence.
The treatment afforded by the Assistant Attorney-General to Matsushita’s documents was far more deferential; for the Assistant Attorney-General, by letter dated August 15, 1988 to one Jeffrey Kessler, Esq. of Weil Gotshal and Manges, presumably the attorneys for Matsushita in the Attorney-General’s investigation, agreed to have Matsushita "stamp 'confidential’ on all documents and information produced pursuant to the subpoena duces tecum for which it requests confidential treatment.” Even this undertaking, however, was less than absolute, the Attorney-General reserving the right to disclose the information supplied by Matsushita "to third parties * * * (on) at least ten (10) days written notice of such intended release or disclosure.”
As the release of this information is discretionary with the Attorney-General and the court cannot assume to exercise his *160 discretion, the Attorney-General’s promise of confidentiality will be respected.
The court will not undertake to respond to each of the Attorney-General’s interpretations of my prior decision, some of them being outrageous; the decision speaks for itself. Nor will the court undertake, once more, to point, item by item, to the suffusion of generalities contained in these papers which were fatal to the Attorney-General’s position on the original motion.
Accordingly, renewal is granted only to the extent set forth above and is otherwise denied.