■ DAVID DONOHOE, Appellant, v GIONTA & SONS GENERAL CONTRACTING COMPANY, INC., Respondent and Third-Party Plaintiff-Respondent. TYRONE MASONS INC. et al., Third-Party Defendants-Respondents. [616 NYS2d 970] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 28, 1994, which granted a motion by defendant and third-party plaintiff and a cross motion by third-party defendant for an order compelling a neuropsychological examination of plaintiff, with related relief, to the extent of directing plaintiff to appear for such examination, deemed plaintiff's cross motion for renewal a motion for reargument, and denied reargument, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent that plaintiff's cross motion be deemed one for renewal and renewal granted, and the order otherwise affirmed, without costs.

The plaintiff's cross motion presented papers which had not been submitted to the newly assigned IAS Judge on the previous motion because it was believed that the motion would be submitted to the prior IAS Judge, who was already familiar with the papers. Accordingly, the cross motion should not have been deemed one for reargument, as it presented facts not previously before the court *(Saferstein v Stark,* 171 AD2d 856). For that reason, the motion was not untimely *(Weaver v State of New York,* 112 AD2d 416).

Nevertheless, the instant order of the IAS Court was substantively correct. We affirm because plaintiff avoided the examination sought for almost a year, claiming only that the defense team would have more medical experts than he would have. Thus, it was not an abuse of discretion for the court to compel the examination *(cf., Hamlin v Mensch,* 205 AD2d 452).

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.