■ EASTERN DESIGN COMPANY, INC., Respondent-Appellant, v DATA COMMUNICATION SERVICES, INC., et al., Defendants, and HAROLD ADLER et al., Appellants-Respondents. [645 NYS2d 504]

The appeal and cross appeal from the intermediate order entered December 14, 1994, the appeal from the intermediate order entered September 7, 1995, and the appeal from so much of the intermediate order entered July 26, 1995, as denied renewal, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from these orders are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

This action arises out of an asset purchase agreement (hereinafter the Agreement) between the plaintiff and, *inter alia,* the defendants Data Communication Services, Inc. (hereinafter Data Services) and Data Communication, Inc. (hereinafter DCI) pursuant to which the plaintiff agreed to purchase from Data Services certain property, assets, business, and rights. The Agreement between the parties also provided that the defendants Harold Adler and Sidney Platt (hereinafter the appellants), the sole owners and directors of Data Services and DCI, would not compete in the line of work which they had sold, as principals, to the plaintiff in exchange for a sum of money payable by the plaintiff. The plaintiff alleged, *inter alia,* that payments made to Data Services and DCI which were intended for the plaintiff were converted by the appellants for their personal use.

The appellants admitted their liability for conversion to the plaintiff on bankruptcy schedules filed pursuant to a petition under the 1978 Bankruptcy Code (11 USC) (*see,* Fed Rules Bankr Pro, rule 3003 [b] [1]; *In re Momentum Mfg. Corp.,* 25 F3d 1132; *see also,* McCormick, Evidence § 257, at 147 [4th ed 1992]) and the Agreement leaves no doubt as to the plaintiff's right to the checks received by Data Services and DCI and a daily accounting of this money. It was admitted both in the pleadings and by way of the schedules in the bankruptcy case that the money collected by Data Services and DCI which was owed to the plaintiff was put into general corporate use. It was also admitted that, at the time of the sale, Data Services and

DCI were experiencing financial difficulties and that the appellants began to take large sums of money out of the corporations at this time. The appellants also personally controlled Data Services and DCI. Personal liability is thereby established (*see, AMF Inc. v Algo Distribs.,* 48 AD2d 352; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425).

The appellants established that the plaintiff breached the covenant not to compete and the plaintiff failed to raise a triable issue of fact. Accordingly, the court properly granted that branch of the appellants' motion which was for summary judgment on the counterclaim for the balance due pursuant to the covenant not to compete (*see, Saferstein v Stark,* 171 AD2d 856; *Patterson v Town of Hempstead,* 104 AD2d 975).

The appellants' remaining contentions are without merit. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.