OPINION OF THE COURT
Peter P. Sweeney, J.
*522 In this action to recover assigned first-party no-fault benefits, both plaintiff and defendant moved for summary judgment. In opposition to plaintiffs motion and in support of its cross motion, defendant argued, inter alia, that the action is premature and should be dismissed because plaintiff did not provide the medical reports which it had requested as additional verification of the claims. The novel question presented is whether plaintiff, in response to defendant’s requests for additional verification of the claims, was obligated to do more than just inform defendant that it was not in possession of the medical reports that had been requested.
Factual Background
The facts are essentially undisputed. Plaintiff D & R Medical Supply is a provider of medical equipment. Plaintiff submitted admissible proof in support of its motion for summary judgment demonstrating that it had submitted to the defendant two claims for assigned first-party no-fault benefits for medical equipment that it had provided to its assignor. The claims were submitted on July 9, 2007 and July 25, 2007.
By letter dated July 23, 2007, defendant acknowledged receipt of the first claim. In the letter defendant stated as follows: “[a] report from the referring physician is required with comment regarding the medical necessity of the medical equipment.” Plaintiff responded to defendant’s letter by its own letter, dated July 26, 2007, stating:
“We are in receipt of your letter dated July 23rd, 2007. Unfortunately D & R Medical Supply, Inc. is unable to provide you with referring physician report and/or any medical records that you are requesting for the above named patient. This type of documentation is not in our possession. We are medical supply company and provide supplies in accordance to the doctor’s prescription. Please request it directly from the medical provider.”
Defendant mailed a second copy of its July 23, 2007 letter to the plaintiff on August 24, 2007.
By letter dated August 11, 2007, defendant acknowledged receipt of the second claim and again stated that “[a] report from the referring physician is required with comment regarding the medical necessity of the medical equipment.” Plaintiff again informed defendant that it did not have such a report in its possession. On September 13, 2007, defendant mailed a second copy of its August 11, 2007 letter to the plaintiff.
*523 To date, plaintiff has not provided the defendant with a report from any physician attesting to the medical necessity of the equipment at issue; for its part, defendant neither paid nor denied the claims at issue.
On its motion for summary judgment, plaintiffs position is that it submitted its bills to the defendant who neither paid nor denied the claims pursuant to the No-Fault Law and regulations. In defense, and on its own cross motion, it is defendant’s position that the action on these claims is premature and must be dismissed. According to the defendant, the 30-day period within which it had to pay or deny the claims had not begun to run, inasmuch as plaintiff has yet to provide defendant with the reports of the referring physicians that had been timely requested as additional verification for each of the claims.
Analysis
Plaintiff established its prima facie entitlement to summary judgment by proving the submission of statutory claim forms, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]). The court notes that the affidavit submitted by plaintiffs billing manager demonstrated that the annexed claim forms constituted evidence in admissible form (see CPLR 4518; Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [App Term, 2d Dept 2006]). The burden thus shifted to defendant to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendant failed to meet this burden.
There is no merit to defendant’s argument that the statutory time period within which it had to pay or deny the claim was tolled due to plaintiffs failure to provide it with the materials it had requested as additional verification of the claims. Assuming that the letters sent to plaintiff by defendant constituted valid initial and follow-up demands for additional verification of the claims, plaintiff unequivocally advised defendant that it was not in possession of the medical reports that defendant was seeking. Certainly, there is no evidence before the court suggesting that these materials were ever in plaintiffs care, custody or control.
Even under the liberal discovery provisions embodied in article 31 of the CPLR, a party to a lawsuit is required to produce only those items “which are in the possession, custody or control of the party” (CPLR 3120 [1] [i]; see generally Safer- *524 stein v Stark, 171 AD2d 856 [2d Dept 1991]; Corriel v Volkswagen of Am., 127 AD2d 729, 730 [2d Dept 1987]; Lear v New York Helicopter Corp., 190 AD2d 7, 11 [2d Dept 1993]). While the no-fault regulations provide that an “insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested” (11 NYCRR 65-3.5 [c]), this should not be construed as requiring a provider to provide materials over which it has no control. A contrary construction would violate the core objective of the No-Fault Law: “to assure claimants of expeditious compensation for their injuries through prompt payment of first-party benefits without regard to fault and without expense to them” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986]) and would frustrate one of the main purposes of the regulatory scheme, which is “to provide a tightly timed process of claim, disputation and payment” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 281 [1997]; see also New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429, 430 [2d Dept 2004]). Imposing upon a medical provider the obligation to provide an insurer with materials that are not in its care, custody or control would also be illogical.
Finally, it is worth noting that defendant had a means of obtaining the materials it was seeking as additional verification of the claims. The no-fault regulations, particularly 11 NYCRR 65-3.5 (c), entitle an insurer to receive items necessary to verify a claim directly from persons others than applicants for no-fault benefits (see Doshi Diagnostic Imaging Servs. v State Farm Ins. Co., 16 Misc 3d 42 [App Term, 2d Dept 2007]). In Doshi Diagnostic Imaging Servs., the appellate court held that the insurer acted within its rights when it sought medical necessity verification from the prescribing physician rather than from the plaintiff MRI provider and that the insurer’s request for verification to the prescribing physician tolled the statutory claim determination period (id. at 43-44). Pursuant to the holding in Doshi Diagnostic Imaging Servs., defendant could have requested the medical reports from the referring physicians, whom plaintiff had identified in the claim forms. Indeed, the court in Doshi Diagnostic Imaging Servs. suggested that the no-fault regulations would also allow an insurer to seek verification of a claim directly from the referring physician where the plaintiff applicant was a medical equipment provider who merely fills prescriptions, as is the case here (id. at 44).
*525 The court has considered defendant’s remaining arguments in opposition to plaintiff’s motion and in support of its cross motion and finds them to be without merit.
Accordingly, it is hereby ordered that plaintiffs motion for summary judgment is granted and plaintiff may enter judgment against the defendant in the amount of $2,448.13, together with interest and attorneys fees as provided for under the No-Fault Law, plus costs; and it is further ordered that defendant’s cross motion for summary judgment is denied.